[Cite as *State v. Snyder*, 2016-Ohio-832.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2015AP070043 |
| EUGENE SNYDER, JR. | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal appeal from the Tuscarawas
                             County Court of Common Pleas, Case No.
                             2009CR110298

JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      March 1, 2016


APPEARANCES:

For Plaintiff-Appellant              For Defendant-Appellee

RYAN D. STYER                        EUGENE SNYDER, JR.  #628-728  Pro Se
Tuscarawas County Prosecutor         Ross Correctional Institution
125 E. High Avenue                   Box 7010
New Philadelphia, OH 44663           Chillicothe, OH 45601

*Gwin, P.J.*

{¶1}  Defendant-appellant Eugene Snyder, Jr. appeals from the June 30, 2015 Judgment Entry of the Tuscarawas County Court of Common Pleas overruling his Motion for Post-Conviction Relief pursuant to R.C. 2953.21. Plaintiff-appellee is the State of Ohio.

*Facts and Procedural History*

{¶2}  A jury convicted Snyder of one count of aggravated murder in violation of R.C. 2903.01, with a firearm specification pursuant to R.C. 2941.145, and one count of felonious assault in violation of R.C. 2903.11(A)(2), with a firearm specification pursuant to R.C. 2941.145. Snyder entered a plea of guilty, pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to five counts of tampering with evidence in violation of R.C. 2921.12. *State v. Snyder,* 5th Dist. Tuscarawas No. 10AP060021, 2011-Ohio-3334 ["*Snyder I*"].

{¶3}  On direct appeal, Snyder raised the following assignments of error,

I. THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS WHEN IT IMPROPERLY INSTRUCTED THE JURY WITH REGARDS TO AGGRAVATED MURDER.

II. THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS WHEN IT FAILED TO PROVIDE JURY INSTRUCTIONS OF MANSLAUGHTER, INVOLUNTARY MANSLAUGHTER AND SELF–DEFENSE TO THE JURY.

III. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY FAILING TO GRANT HIS MOTION FOR MISTRIAL.

IV. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY ALLOWING TESTIMONY IN VIOLATION OF EVIDENCE RULE 401 AND 403.

V. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY NOT ALLOWING EVIDENCE OF THE VICTIM'S CHARACTER REGARDING SPECIFIC INSTANCES OF CONDUCT RELATED TO THE VICTIM'S CHARACTER AS IT RELATES TO A CLAIM FOR SELF–DEFENSE OFFERED BY THE APPELLANT.

VI. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE.

{¶4} On June 30, 2011, this Court affirmed Snyder's conviction and sentence. *Snyder I.*

{¶5} On July 27, 2011, Snyder, acting pro se, filed a notice of appeal to the Supreme Court of Ohio. *State v. Snyder,* 130 Ohio St.3d 1418, 2011-Ohio-5605, 956 N.E.2d 309(Table). In his memorandum in support of jurisdiction, Snyder raised the following propositions of law:

1. THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS WHEN IT IMPROPERLY INSTRUCTED THE JURY WITH REGARDS TO AGGRAVATED MURDER.

2. THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS WHEN IT FAILED TO PROVIDE JURY INSTRUCTIONS OF MANSLAUGHTER, INVOLUNTARY MANSLAUGHTER AND SELF–DEFENSE TO THE JURY.

3. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY FAILING TO GRANT HIS MOTION FOR MISTRIAL.

4. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY ALLOWING TESTIMONY IN VIOLATION OF EVIDENCE RULE 401 AND 403.

5. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY NOT ALLOWING EVIDENCE OF THE VICTIM' S CHARACTER REGARDING SPECIFIC INSTANCES OF CONDUCT RELATED TO THE VICTIM'S CHARACTER AS IT RELATES TO A CLAIM FOR SELF–DEFENSE OFFERED BY THE APPELLANT.

6. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6} On November 2, 2011, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question.

{¶7}   On January 23, 2012, Snyder, acting pro se, filed a petition for a writ of habeas corpus. *Snyder v. Buchanan*, N.D. Ohio No. 5:12CV255, 2012 WL 3580057 (July 30, 2012). Snyder raised the following grounds for relief:

GROUND ONE: THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS WHEN IT IMPROPERLY INSTRUCTED THE JURY WITH REGARDS TO AGGRAVATED MURDER.

GROUND TWO: THE TRIAL COURT VIOLATED THE APPELLANT'S DUE PROCESS RIGHTS WHEN IT FAILED TO PROVIDE JURY INSTRUCTIONS OF MANSLAUGHTER, INVOLUNTARY MANSLAUGHTER AND SELF–DEFENSE TO THE JURY.

GROUND THREE: THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY FAILING TO GRANT HIS MOTION FOR MISTRIAL.

GROUND FOUR: THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY ALLOWING TESTIMONY IN VIOLATION OF EVIDENCE RULE 401 AND 403.

GROUND FIVE: THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY NOT ALLOWING EVIDENCE TO THE VICTIM' S CHARACTER REGARDING SPECIFIC INSTANCES OF CONDUCT RELATED TO THE

VICTIM'S CHARACTER AS IT RELATES TO A CLAIM FOR SELF–

DEFENSE OFFERED BY THE APPELLANT.

GROUND SIX: THE EVIDENCE IS INSUFFICIENT TO SUSTAIN

THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST

WEIGHT OF EVIDENCE.

**{¶8}** The District Court denied Snyder's petition after review. *Snyder v. Buchanan,* N.D. Ohio No. 5:12 CV 255, 2012 WL 3579702(Aug. 17, 2012).

**{¶9}** On September 23, 2014, Snyder filed pro se "Motion to Void Judgment Pursuant to Civil Rule 60 (Hearing Requested)" in the trial court. The state filed a response on September 30, 2014.  The trial court denied the motion by judgment entry filed October 6, 2014.

**{¶10}** On October 28, 2014, Snyder pro se filed an appeal from the trial court's October 6, 2014 in *State v. Snyder,* 5th Dist. Tuscarawas No. 2014 AP 100046. Snyder failed to file a brief and this Court dismissed his appeal for want of prosecution on February 6, 2015.

**{¶11}** On June 15, 2015, Snyder pro se filed a "Petition for Post-Conviction Relief Pursuant to Ohio Revised Code 2953.23(A)(1)(a)."  The state filed a response on June 23, 2015 noting that Snyder's petition was not timely filed pursuant to R.C. 2953.21(A)(2) and was barred upon the grounds of res judicata.

**{¶12}** By judgment entry filed June 30, 2015, the trial court denied Snyder's petition.

*Assignments of Error*

**{¶13}** Snyder raises six assignments of error,

{¶14} "I. THE TRIAL COURT VIOLATED THE PETITIONER'S DUE PROCESS RIGHTS WHEN IT IMPROPERLY INSTRUCTED THE JURY WITH REGARDS TO AGGRAVATED MURDER.

{¶15} "II. THE TRIAL COURT VIOLATED THE PETITIONER'S DUE PROCESS RIGHTS WHEN IT FAILED TO PROVIDE JURY INSTRUCTIONS OF MANSLAUGHTER, INVOLUNTARY MANSLAUGHTER AND SELF-DEFENSE.

{¶16} "III. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE APPELLANT HIS RIGHT TO A FAIR TRIAL BY FAILING TO GRANT HIS MOTION FOR A MISTRIAL.

{¶17} "IV. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE PETITIONER/APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY ALLOWING TESTIMONY IN VIOLATION OF EVIDENCE RULE 401 AND 403.

{¶18} "V. THE TRIAL COURT ABUSED ITS DISCRETION AND DENIED THE PETITIONER/APPELLANT HIS DUE PROCESS RIGHTS TO A FAIR TRIAL BY NOT ALLOWING EVIDENCE OF THE VICTIM'S CHARACTER REGARDING SPECIFIC INSTANCES OF CONDUCT RELATED TO THE VICTIM'S CHARACTER AS IT RELATES TO A CLAIM OF SELF-DEFENSE OFFERED BY THE PETITIONER.

{¶19} "VI. THE EVIDENCE IS INSUFFICIENT TO SUSTAIN THE CONVICTION AND THE VERDICT IS AGAINST THE MANIFEST WEIGHT OF EVIDENCE."

I. – VI.

{¶20} R.C. 2953.21(A) states, in part, as follows: "(1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or

voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."

{¶21} A petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction. *State v. Murphy* (Dec. 26, 2000), 10th Dist. Franklin No. 00AP-233, 2000 WL 1877526(Dec. 26, 2000). Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905(1999); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67(1994). A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819(1980). *State v. Lewis,* 5th Dist. Stark No.2007CA00358, 2008-Ohio-3113, ¶ 8.

{¶22} R.C. 2953.21(A)(2) governs the time within a petition for post-conviction relief must be filed and provides as follows:

> Except as otherwise provided in section 2953.23 of the Revised Code, a petition under division (A)(1) of this section shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *. If no appeal is taken, except as otherwise

provided in section 2953.23 of the Revised Code, the petition shall be filed no later than three hundred sixty-five days after the expiration of the time for filing the appeal.

{¶23} In this case, the trial transcript in Snyder's direct appeal was filed on October 6, 2010. Snyder filed his petition on June 15, 2015. Therefore, his petition is not within the three hundred sixty-five days after the date on which the trial transcript was filed with this Court in his direct appeal and thus not in compliance with the time frame as specified in R.C. 2953.21(A)(2).

{¶24} However, pursuant to R.C. 2953.23(A), the court may consider an untimely petition for post-conviction relief:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

**{¶25}** Snyder does not set forth any argument in his brief as to the delay in filing, why he meets the exception requirements contained in R.C. 2953.23(A)(1) or (A)(2), or how the petition otherwise complies with R.C. 2953.23(A)(1) or (A)(2). As such, Snyder has failed to meet his burden under R.C. 2953.23(A)(1) or (A)(2) to file an untimely petition for post-conviction relief.

**{¶26}** In addition, the six assignments of error Snyder raises in this appeal either were or could have been raised on direct appeal and are therefore barred under the doctrine of res judicata. "Under the doctrine of res judicata, a final judgment of conviction bars the defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967). Conversely, issues properly raised in a post-conviction petition are those that could not have been raised on direct appeal because the evidence supporting the issues is outside the record. *State v. Milankovitch*, 42 Ohio St.2d 46, 325 N.E.2d 540 (1975).

**{¶27}** Res judicata also implicitly prohibits a petitioner from "re-packaging" evidence or issues that either were, or could have been, raised in the context of the

petitioner's trial or direct appeal. *State v. Lawson*, 103 Ohio App.3d 307, 315, 659 N.E.2d 362(12th Dist. 1995). This means that the evidence relied upon must not be evidence that was in existence or available for use at the time of trial or direct appeal, and finally, cannot be merely cumulative of the evidence already presented. Id. at 315.

**{¶28}** Snyder's arguments do not raise any issues that are dependent upon evidence outside the record. These matters raised cannot be considered newly discovered evidence for they were in the trial court record.

**{¶29}** Further, in appellant's direct appeal, this Court addressed the identical six assignments of error Snyder raises in his petition. *See, Snyder I* at ¶19-24. The United States District Court again reviewed the identical six assignments of error and found each to be without merit. *Snyder v. Buchanan*, N.D. Ohio No. 5:12CV255, 2012 WL 3580057 (July 30, 2012) at §39; §49; §55; §66; §69; §80; §95-96.

*Conclusion*

**{¶30}** Upon review, we find that Snyder has not satisfied the R.C. 2953.23(A)(1)(a) requirement that he was unavoidably prevented from discovery of the facts upon which he relies to present his claims for post-conviction relief. Snyder does not offer any evidence that was not already in the record before the trial court. Further, the issues raised by Snyder either were or could have been raised in his direct appeal and are therefore res judicata. Thus, the trial court did not err in denying Snyder's petition for post-conviction relief.

**{¶31}** Snyder's six assignments of error are overruled in their entirety.

{¶32} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur