[Cite as *State v. Snyder*, 2017-Ohio-7574.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| EUGENE SNYDER, JR. | : | Case No. 2017 AP 05 0013 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Tuscarawas County
Court of Common Pleas, Case No.
2009 CR 11 0298

JUDGMENT: Affirmed

DATE OF JUDGMENT: September 11, 2017

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

RYAN STYER                                EUGENE SNYDER, JR., pro se
Prosecuting Attorney                      #628-728
125 East High Avenue                      Ross Correctional Institution
New Philadelphia, Ohio 44663              PO Box 7010
                                          Chillicothe, Ohio 45601

*Baldwin, J.*

{¶1} Defendant-appellant Eugene Snyder, Jr. appeals from the March 6, 2017 Judgment Entry of the Tuscarawas County Court of Common Pleas overruling/denying his Motion to Modify Sentence. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On November 25, 2009, the Tuscarawas County Grand Jury indicted appellant on one count of aggravated murder in violation of R.C. 2903.01(A), an unclassified felony, one count of murder in violation of R.C. 2903.02(A), an unclassified felony, and one count of felonious assault in violation of R.C. 2903.11(A)(2), a felony of the second degree. The above offenses were all accompanied by firearm specifications. The victim was appellant's wife. Appellant also was indicted on five counts of tampering with evidence in violation of R.C. 2921.12, felonies of the third degree. At his arraignment on November 30, 2009, appellant entered a plea of not guilty to the charges.

{¶3} The matter proceeded to a jury trial. The jury, on May 13, 2010, found appellant guilty of aggravated murder with the firearm specification and felonious assault with the firearm specification. Appellant had entered guilty (Alford) pleas to the tampering with evidence charges before the trial concluded. The trial court had instructed the jury to not consider the lesser-included offense of murder if they reached a guilty verdict on aggravated murder. As memorialized in a Judgment Entry filed on May 26, 2010, appellant was sentenced to life imprisonment without the possibility of parole.

{¶4} Appellant then appealed. Pursuant to an Opinion filed on June 30, 2011 in *State v. Snyder*, 5th Dist. Tuscarawas No. 10AP060021, 2011-Ohio-3334, this Court affirmed the judgment of the trial court. Appellant then filed an appeal with the Ohio

Supreme Court. The Ohio Supreme Court denied appellant leave to appeal and dismissed his appeal.

{¶5} On September 22, 2014, appellant filed a pro se "Motion to Void Judgment Pursuant to Civil Rule 60 (4), (5) and (6)" in the trial court. Appellee filed a response on September 30, 2014. The trial court denied the motion by Judgment Entry filed on October 6, 2014.

{¶6} Appellant, on October 28, 2014, filed a pro se appeal from the trial court's October 6, 2014 Judgment Entry. In *State v. Snyder,* 5th Dist. Tuscarawas No.2014 AP 100046, this Court, on February 6, 2015, dismissed his appeal for want of prosecution after appellant failed to file a brief.

{¶7} On June 15, 2015, appellant filed a pro se "Petition for Post–Conviction Relief Pursuant to Ohio Revised Code 2953.23(A)(1)(a)." Appellee filed a response on June 23, 2015, noting that appellant's petition was not timely filed pursuant to R.C. 2953.21(A)(2) and was barred upon the grounds of res judicata. As memorialized in a Judgment Entry filed on June 30, 2015, the trial court overruled/denied appellant's petition.

{¶8} Appellant then appealed. Pursuant to an Opinion filed on March 1, 2016 in *State v. Snyder*, 5th Dist, Tuscarawas No. 2015AP070043, 2016 -Ohio- 832, this Court affirmed the judgment of the trial court.

{¶9} Thereafter, on August 19, 2016, appellant filed a pro se Motion to Reduce Sentence. Appellee filed a memorandum in opposition to the same on August 26, 2016. Via a Judgment Entry filed on August 30, 2016, the trial court overruled the motion.

**{¶10}** Appellant filed an appeal from the trial court's August 30, 2016 Judgment Entry.  This Court dismissed the appeal for lack of prosecution after no brief was filed.

**{¶11}** More recently, on February 21, 2017, appellant filed a Motion to Modify Sentence. Appellant, in his motion, argued, in part, that his sentence was unjust because the same court had sentenced men who had killed more than one victim to less time and that he deserved a sentence reduction. Appellant also argued that he had been a "business man and pillar of his community for 40 plus years" and was over sentenced. Appellee filed a response to the same on February 27, 2017.

**{¶12}** The trial court, pursuant to a Judgment Entry filed on March 6, 2017, overruled/denied appellant's motion, stating that it was "without any legal authority to modify the **Sentencing Orders** contained in the 5/26/2010 Judgment Entry in this case."

**{¶13}** Appellant now raises the following assignment of error on appeal:

**{¶14}** I. THE TRIAL COURT VIOLATED THE APPELLANT/DEFENDANT'S SIXTH AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS WHEN IT DENIED HIS MOTION TO MODIFY SENTENCE BASED UPON FACTS NOT PROVEN BEYOND A REASONABLE DOUBT AND A SENTENCE THAT WAS UNETHICAL AND NOT IN THE BEST INTEREST OF JUSTICE.

I

**{¶15}** Appellant, in his sole assignment of error, argues that the trial court erred in denying his Motion to Modify Sentence. We disagree.

**{¶15}** Appellant's arguments are barred under the doctrine of res judicata. As stated by the Supreme Court of Ohio in *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraphs eight and nine of the syllabus, the doctrine of res judicata is

applicable to petitions for postconviction relief. The *Perry* court explained the doctrine at 180–181 as follows:

> Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at trial, which resulted in that judgment of conviction, or on an appeal from that judgment.

**{¶16}** In reviewing appellant's motion, we find that the arguments therein either were or could have been raised on direct appeal and are, therefore, barred by the doctrine of res judicata. Moreover, as noted by appellee, appellant, in his brief, disregards the basis of the trial court's judgment. As is stated above, the trial court found that it did not have any legal authority to modify appellant's sentence. Appellant has not established that the trial court's decision was contrary to law.

**{¶17}** Appellant's sole assignment of error is, therefore, overruled.

{¶18} Accordingly, the judgment of the Tuscarawas County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Hoffman, J. concur.