[Cite as *In re C.M.*, 2020-Ohio-2834.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| IN RE: C.M. | : | JUDGES: |
|  | : | Hon. W. Scott Gwin, P.J.. |
|  | : | Hon. John W. Wise, J. |
|  | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
|  | : |  |
|  | : | Case No. 2019CA00078 |
|  | : |  |
|  | : |  |
|  | : |  |
|  | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Civil appeal from the Licking County
Probate Court, Case No. 20190380

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     May 6, 2020

APPEARANCES:

Appellant J.M., *Pro Se*
982 Woodlawn Avenue
Newark, OH 43055

Appellee O.S., *Pro Se*
593 Ridgefield Road
Newark, OH 43055

*Gwin, P.J.*

{¶1} Appellant appeals the July 16, 2019 judgment entry of the Licking County Probate Court granting the application for name change filed by appellee.

*Facts & Procedural History*

{¶2} On May 20, 2019, appellee O.S. filed an application for change of name of a minor. Appellee is the Mother of C.M., who was born on February 10, 2009. Appellee filed the application seeking to change the name of C.M. to C.S. Appellee consented to the application, while appellant J.M., the child's father, objected to the application. In the application, appellee requests a name change so that C.M.'s last name matches her mother's name, her stepfather's name, and the last name of her siblings.

{¶3} The trial court held an evidentiary hearing on the application on July 16, 2019. The trial court issued a judgment entry on July 16, 2019. In the judgment entry, the trial court found that proper notice of the application and hearing date was given. The trial court further found that reasonable and proper cause exists for changing the name and the name change is in the best interest of the minor. The trial court ordered the name of C.M. be changed to C.S.

{¶4} Appellant appeals the July 16, 2019 judgment entry of the Licking County Probate Court and assigns the following as error:

{¶5} "I. THE PROBATE COURT DID NOT HAVE ADEQUATE EVIDENCE TO SUPPORT THE JUDGMENT ENTRY OF MINOR NAME CHANGE AND THE NAME CHANGE IS NOT IN THE BEST INTEREST OF THE CHILD.

{¶6} "II. FATHER DID HAVE A RELATIONSHIP WITH C.M., THOUGH THE JUDGE SAID HE DID NOT."

*Transcript*

{¶7} On November 4, 2019, appellant filed a motion to supplement the record with a transcript. Appellee filed a motion to exclude transcripts on November 20, 2019. This Court issued a judgment entry on the motions on December 3, 2019. In our judgment entry, we stated that appellant may supplement the record with any transcripts on or before December 20, 2019, "however, appellant is required to follow the appellate rules with regard to the transcription and official court reporter." Further, this Court stated that if appellant failed to submit a transcript that complies with the appellate rules, appellee may file a new motion to exclude.

{¶8} Appellee filed a new motion to exclude on December 30, 2019. On January 27, 2020, this Court issued a judgment entry granting the motion to exclude and striking the transcripts filed by appellant. This Court stated, "it does not appear appellant has complied with App.R. 9(B) regarding the transcript preparation."

{¶9} Thus, upon review, we find appellant has failed to file a transcript of the lower court proceedings. An appellant is required to provide a transcript for appellate review. *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Appellant has the burden of demonstrating error by reference to matters within the record. *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). Where portions of the transcript necessary for resolution of the assigned errors are omitted from the record, an appellate court has nothing to pass upon and we must presume the validity of the lower court's proceedings. *State v. Ridgway*, 5th Dist. Stark No. 1998CA00147, 1999 WL 100349 (Feb. 1, 1999), citing *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

## I. & II.

{¶10} In his assignments of error, appellant contends the trial court abused its discretion in granting the name change. Appellant specifically argues the name change was not in C.M.'s best interest and the trial court failed to properly take into consideration appellant's testimony about his relationship with C.M.

{¶11} R.C. 2717.01 grants the authority for a probate court to make name changes on behalf of a minor child. The standard for deciding whether to permit a name change is "proof that * * * the facts set forth in the application show reasonable and proper cause for changing the name of the applicant." R.C. 2717.01(A); *In re Willhite*, 85 Ohio St.3d 28, 1999-Ohio-201, 708 N.E.2d 778. In determining whether a reasonable and proper cause for a name change has been established, a court must consider the best interest of the child. *Id.* A probate court's determination of whether a proposed name change should be granted will only be reversed if it constitutes an abuse of discretion. *Id.* A reviewing court may not substitute its own judgment for that of the trial court. *Id.* An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶12} Appellant contends the trial court failed to consider C.M.'s best interest in making its decision. However, the trial court's judgment entry contains a specific finding that the name change was in C.M.'s best interest. To the extent appellant contests the sufficiency of this finding, due to the lack of transcript, we must presume the regularity of the proceedings and affirm. *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980). Accordingly, we affirm the trial court's determination that the proposed name

change was in C.M.'s best interest. See *In re Hoke*, 10th Dist. Franklin No. 02AP-1159, 2003-Ohio-2329.

{¶13} In his second assignment of error, appellant argues the trial court erred in stating during the hearing that appellant did not have a relationship with C.M. Appellant contends he did have a relationship with C.M. The trial court's judgment entry provides there is reasonable and proper cause for the name change. Since appellant is challenging the trial court's statements during the hearing and appellant has failed to provide this Court with a transcript, we must presume the regularity of the proceedings below and affirm. We additionally note that parental failure to maintain contact with and support the child is only one of the factors a court should consider in determining whether the name change is in the best interest of the child. *Bobo v. Jewell*, 38 Ohio St.3d 330, 528 N.E.2d 180 (1988).

{¶14}  Based on the foregoing, appellant's assignments of error are overruled.

{¶15}   The July 16, 2019 judgment entry of the Licking County Probate Court is affirmed.


By Gwin, P.J.,

Wise, John, J.,

Delaney, J., concur