[Cite as *State v. Ginier*, 2026-Ohio-415.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 2025 AP 08 0030 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2019 CR 09 0380 |
| ARTHUR J. GINIER III, | Judgment:   Affirmed |
| Defendant – Appellant | Date of Judgment Entry: February 5, 2026 |

**BEFORE:** Craig R. Baldwin; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** KRISTINE W. BEARD, for Plaintiff-Appellee; ARTHUR J. GINIER III, PRO SE, Defendant-Appellant.

*Montgomery, J.*

{¶1}   Appellant, Arthur J. Ginier, III, appeals from the trial court's denial of his "Motion to Correct Sentencing Entry," filed on July 14, 2025, to correct a sentencing entry imposed in 2020 - after being convicted of attempted murder, felonious assault, two counts of grand theft of a motor vehicle, and theft.  For the reasons below, we AFFIRM the trial court.

## BACKGROUND FACTS

{¶2} On January 28, 2020, Appellant entered a negotiated plea agreement. As part of the plea agreement, Appellant pled no contest to attempted murder, felonious assault, two counts of grand theft of a motor vehicle, and theft. The trial court found Appellant guilty of the charges and as part of the plea, agreed to impose an aggregate prison term of seven (7) years minimum to ten and a half (10 ½) years maximum. On March 20, 2020, Appellant was sentenced to serve seven to ten and a half years on the attempted murder charge. No additional sentences were imposed for the remaining convictions, e.g. felonious assault, grand theft auto, and theft.

{¶3} More than five (5) years later, on July 14, 2025, Appellant filed the instant Motion. In the Motion, Appellant argues that at the time of sentencing, the trial judge failed to inform him regarding non-life felonies, and that there was a presumption of early release after the minimum prison term. Appellant requested that the trial court correct the entry to include such language, in accordance with R.C. 2967.271(B). The trial court denied the Motion, finding that (1) Appellant failed to provide a transcript of the plea and sentencing hearing; and (2) his argument is barred by res judicata because he failed to file a direct appeal.

## ASSIGNMENT OF ERROR

{¶4} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT'S SUBSTANTIAL CONSTITUTIONAL AND STATUTORY RIGHTS BY REFUSING TO ISSUE A "NUNC PRO TUNC" ENTRY TO CORRECT THE SENTENCE ENTRY DATED JULY 29TH 2025."

## STANDARD OF REVIEW

{¶5} As set forth, Appellant was convicted in 2020, but he did not file a direct appeal. Although Appellant calls the instant filing a "Motion" to correct his sentencing

entry, it is akin to a post-conviction proceeding since the matter is indeed from 2020.[1] This Court has held that a motion to correct or vacate a sentence may be construed as a petition for post-conviction relief where the motion was filed subsequent to a direct appeal, claimed a denial of constitutional rights, sought to render the judgment void, and asks to vacate the judgment or sentence. *State v. Krouskoupf*, 2024-Ohio-1748, ¶ 35 (5th Dist.), citing, *State v. Reynolds*, 79 Ohio St.3d 158, 160-161 (1997). Although no direct appeal was filed in this case, the post-conviction analysis is applicable.

**{¶6}** The Ohio Supreme Court defines a post-conviction proceeding as a collateral civil attack on the judgment, such that the right to file for such relief is a statutory right, not a constitutional one. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Broom*, 2016-Ohio-1028, ¶ 28. The doctrine of *res judicata* applies to all post-conviction matters. *Krouskoupf*, ¶ 36. Pursuant to the doctrine, "a final judgment of conviction bars the defendant from raising and litigating in **any** proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that the defendant raised or could have raised at the trial which resulted in that judgment of conviction or on appeal from that judgment." *State v. Snyder*, 2016-Ohio-832, ¶ 26 (5th Dist.) (emphasis added), quoting *State v. Perry*, 10 Ohio St.2d 175 (1967). It is well established that a defendant cannot raise an issue through post-conviction proceedings if he or she could have raised the issue on direct appeal. *State v. Elmore*, 2005-Ohio-5940, ¶ 21 (5th Dist.), quoting *State v. Reynolds*, 79 Ohio St.3d 158, 161 (1997).

---

[1] If the Motion is indeed a post-conviction proceeding, Appellant is well beyond any deadline for filing. See R.C. 2953.21(A)(2)(a) (requiring a petition to be filed within 365 days of the transcript being filed in a direct appeal, unless certain requirements are met). If a post-conviction petition is untimely, a trial court generally lacks subject-matter jurisdiction to adjudicate the petition unless an exception applies. *State v. Apanovitch,* 2018-Ohio-4744, ¶¶ 36, 38. However, because the Motion fails for other reasons set forth herein, we decline to analyze the timeliness issue.

**{¶7}** Upon review, we find that the sentencing issues raised by Appellant in his Motion and the instant appeal were cognizable on direct appeal, albeit Appellant failed to file a direct appeal. Thus, any error in the trial court's notification during sentencing is barred by *res judicata. State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *State v. Feagin*, 2023-Ohio-2847, ¶¶ 35-36 (5th Dist.).

**{¶8}** Additionally, we find the trial court properly denied Appellant's Motion due to his failure to file a transcript of the proceedings. It is true that a trial court retains jurisdiction to correct "clerical errors," in its judgment entries and issue a "nunc pro tunc" entry. See *State ex rel. Cruzado v. Zaleski*, 2006-Ohio-5795, ¶ 19 (stating that trial courts retain jurisdiction to correct clerical errors in judgment entries so that the entries accurately reflect the trial court's decision); Crim.R. 36 ("[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time").

**{¶9}** However, it is incumbent on the party claiming error to provide a transcript of the proceedings below for appellate review. *Knapp v. Edwards Labs.*, 61 Ohio St.2d 197 (1980). Indeed, Appellant has the burden of demonstrating error by reference to matters within the record. *State v. Skaggs*, 53 Ohio St.2d 162, 372 N.E.2d 1355 (1978). Where portions of the transcript necessary for resolution of the assigned errors are omitted from the record, an appellate court has nothing to pass upon and we must presume the validity of the lower court's proceedings. *In re C.M.*, 2020-Ohio-2834, ¶ 9 (5th Dist.).

**{¶10}** Here, Appellant suggests the trial court failed to advise him of certain things at sentencing, namely that the trial judge failed to inform him that for non-life felonies,

there is a presumption of early release after the minimum prison term. However, Appellant does not provide a transcript of that hearing. Thus, the court presumes the validity of the trial court proceedings. Because Appellant's Motion raises issues barred by res judicata and/or does not provide a transcript to support any alleged errors during sentencing, Appellant's Motion fails. As such, Appellant's assignment of error is overruled.

## CONCLUSION

{¶11} The trial court did not err in denying Appellant's Motion to correct his sentencing entry.

{¶12} For the reasons stated in our accompanying Opinion, the judgment of the Tuscarawas County Court of Common Pleas is Affirmed.

{¶13} Costs to Appellant.

By: Montgomery, J.

Baldwin, P.J. and

Gormley, J. concur.